UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14007-CR-MOORE/LYNCH(s)(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANK PIERRE,

    Defendant.

_____/

FILED by _____ D.C.

JAN 13 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO QUASH SEARCH WARRANT FOR
CELLULAR PHONE THAT ISSUED AS A RESULT
OF PRIOR SEARCH WARRANT OF MAY 22, 2009 [D.E. #281]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion, the government's response and the Defendant's reply, and otherwise being advised in the premises, this Court makes the following recommendation to the District Court.

1. This Court has previously issued its Reports and Recommendations to the District Court in respect to the Defendant's Motions To Suppress Wire Intercepts and Motion To Suppress Search Warrant on the Defendant's Residence. Those Reports and Recommendations recommended to the District Court that those motions be denied. This Court mentions this at the outset since the Defendant's argument in respect to this Motion To Quash Search Warrant argues two points. First, the Defendant argues that the search warrant for the cellular telephone was defective and lacked probable cause. Secondly, the Defendant argues that the cell phone was seized pursuant to the search warrant on the Defendant's home and that search warrant was fatally defective. Therefore, the Defendant states any evidence resulting therefrom, to wit, this cellular telephone, should be suppressed as fruit of the poisonous tree. Based upon this Court's previous Reports and

Recommendations concerning the Defendant's motions to suppress the wire intercepts and the Defendant's motion to suppress the search warrant for the search of his home, this Court finds his fruit of the poisonous tree argument has no bearing on this Court's decision herein.

2. Next, this Court must address whether or not the Defendant is entitled to an evidentiary hearing in regards to this Motion To Quash Search Warrant For Cellular Telephone. In order to be entitled to such a hearing, the Defendant must specifically allege deliberate falsehoods or reckless disregard for the truth in regards to the affidavit submitted in support of the application for search warrant. The affidavit supporting the search warrant is presumed to be valid. The Defendant then must support these allegations of deliberate falsehood or reckless disregard with specificity and point to portions of the affidavit which he claims to be false. Franks v. Delaware, 438 U.S. 154 (1978), United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009), and United States v. Umole, 162 Fed. Appx. 948 (11th Cir. 2006).

3. The Defendant makes no allegations of any falsehood or reckless disregard for the truth in this motion. The Defendant points to no portions of the affidavit which contain any such erroneous information and offers no specifics to support any such argument. As a result, the Defendant is not entitled to an evidentiary hearing and this Court will rule on the motion based upon the pleadings.

4. The Defendant's motion essentially attacks the probable cause for issuance of the search warrant for the cellular telephone. Since this Court has already issued its Reports and Recommendations recommending denial of the Defendant's Motion To Suppress The Evidence Obtained Pursuant To Wire Intercepts in this case and recommended denial of the Defendant's Motion To Suppress Evidence Seized Pursuant To The Search Warrant On The Defendant's Residence, then this is the only legal argument remaining within the Defendant's Motion To Quash Search Warrant For Cellular Phone.

5. This Court issued a search warrant on June 3, 2009 for the Defendant's Samsung cellular telephone with serial number RUGPB76326A. The Defendant argues that the affidavit submitted in support of that application for search warrant lacks probable cause since it incorporates information and evidence obtained from the wire intercepts in this case as well as evidence seized upon execution of the search warrant on the Defendant's home.

6. The government's response briefly states that based upon all of the evidence seized, there was probable cause to issue a search warrant for the Defendant's cellular phone since there was a fair probability that evidence of a crime would be found within that cellular telephone concerning the Defendant's alleged involvement in narcotics trafficking.

7. The Defendant's reply states that "If the Court determines either the search warrant for the home or the wiretaps were invalid, then of course, the warrant for the cellular phone would likewise be invalid." This is simply a reiteration of what the original motion stated.

8. This Court notes that the search warrant (09-48-FJL) was issued for the Defendant's cellular telephone as well as several other cellular telephones which were not seized from the Defendant's residence. There were also cellular telephones seized from the residence of co-defendant Polanco and from an individual named Edrique Remy. This Court is only going to address the issues, facts and probable cause required for issuance of the search warrant in respect to the Defendant's phone since this is the only item of evidence over which he would have standing to challenge.

9. This Court has once again reviewed the affidavit of Agent Matschner submitted in support of the aforementioned search warrant for the Defendant's cellular telephone. This affidavit specifically details the investigation in this matter which began on or about November 19, 2008 with interception of telephone conversations of co-defendants Jackson, Jr., Dixon

and Jackson, Sr., which revealed a narcotics trafficking organization operating in this District. The affidavit alleges that the Defendant and others maintained and assisted in the daily operation of that narcotics organization. The affidavit asserts that in January of 2009 in excess of five hundred grams of cocaine hydrochloride were seized from co-defendants Jackson, Sr. and Dixon. The Defendant and co-defendant Polanco were thereafter arrested on or May 26, 2009 and charged with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine hydrochloride.

10. The affidavit goes on to name the Defendant, co-defendants Polanco, Jackson, Jr., Jackson, Sr., and Dixon, as individuals who were processing, packaging and distributing cocaine and selling it in this District. The affidavit alleges that the narcotics trafficking by these individuals was being conducted through the use of cellular telephones and personal meetings. Further, the affidavit asserts that interception of telephone conversations pursuant to the wiretap orders issued in this case for various targeted telephones intercepted conversations of all of these individuals named, including the Defendant, during which coded references to cocaine and pickup of money were discussed. Many of these telephone conversations were taking place through the use of one or more cellular telephones according to the affidavit.

11. The affidavit asserts that the electronic directories in the telephones which were seized in this case and which were more particularly described in the application for issuance of the search warrant for these various cellular telephones, were believed to contain telephone names and numbers for members of the drug trafficking organization and that some of the telephones were capable of taking photographs as well. Further, the affidavit asserts that it would not be possible to obtain any such information and/or photographs without searching the telephones which had already been seized pursuant to execution of

other search warrants issued in this case. Specifically, the affidavit references the execution of a search warrant on May 26, 2009 at the Defendant's residence located at 1711 N.E. 2nd Terrace, Pompano Beach, Florida. The Defendant's cellular telephone in question was seized by agents during the execution of that search warrant. The affidavit asserts that the telephone in question was being held in the evidence room at the St. Lucie County Sheriff's Office in St. Lucie County, Florida.

12.   Further, the affidavit asserts that the Defendant's telephone, which is the subject of this Motion To Suppress, was found in a dresser drawer in his master bedroom of his residence at the time of the execution of the search warrant on his home. Also recovered from that residence were approximately $17,500 in U.S. currency, a number of firearms, a bulletproof vest, a large amount of ammunition, and several gun holsters. The affidavit continues by alleging that this residence occupied by the Defendant Frank Pierre was identified through intercepted telephone calls and surveillance as one of the locations used by the Defendant Pierre to facilitate his drug trafficking organization, store cocaine hydrochloride and sell cocaine hydrochloride.

13.   The application then requested issuance of a search warrant for the Defendant's phone to search for directory data bases including names, phone numbers and direct connect numbers; call logs including missed calls, dialed calls, outgoing calls and incoming calls including dates and times of calls; voice, text and message mail; photos and videos; datebooks; calendar entries; owner information; Web-based information including pages visited; and E-mails. All of this was set forth in Attachment B of the application for search warrant.

## ANALYSIS

14. As stated several times by this Court previously herein, this Court has recommended to the District Court that the Defendant's Motion To Suppress Wire Intercepts/Wiretaps and Motion To Suppress Search Warrant on the Defendant's Residence be denied. Therefore, any fruit of the poisonous tree argument concerning the cellular telephone having been seized pursuant to the search warrant executed on his house which in turn was based partly upon information obtained from the wire intercepts/wiretaps, is moot at this stage of the proceedings.

15. In respect to the particular affidavit and application in this case concerning search warrant 09-48-FJL for the Defendant's cellular telephone, this Court finds that there was sufficient probable cause for issuance of a search warrant. Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location. United States v. Brundidge, 170 F.3d 1350 (11th Cir. 1999). The Eleventh Circuit Court of Appeals went to state in Brundidge that probable cause is a fluid concept which involves an assessment of probabilities in a particular factual context.

16. The affidavit and application and affidavit in this case clearly establishes sufficient probable cause to believe that the cellular telephone seized from the Defendant's residence may contain evidence of the Defendant's involvement in narcotics trafficking in this District. The affidavit sufficiently sets forth with specificity facts which would lead this Court to believe that there was a fair probability of finding evidence of such crime within the cellular telephone based upon the totality of the evidence which had been obtained by the government in its investigation as of the date that this Court issued the search warrant on June 3, 2009.

17. The search warrant was particular in describing the property to be searched which was the Defendant's cellular phone identified by name and serial number. Further, the search warrant was specific as to the particular information which was allowed to be seized, if it was contained within the cellular telephone. The Defendant makes no factual or legal argument which would justify the suppression of any evidence obtained through the search of the telephone pursuant to this Court's search warrant which was validly issued.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Quash Search Warrant For Cellular Phone That Issued As A Result Of Prior Search Warrant Of May 22, 2009 [D.E. #281] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 13th day of January, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Jennifer C. Millien
Fred Haddad, Esq.