United States District Court
Southern District of Florida



FILED BY _____ D.C.

JUL 20 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Frank Pierre,
   Defendant.

v

United States of America,
   Plaintiff.

Case No. 2:09CR14007
      KMM

## Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

Comes now, the defendant, Frank Pierre ("Pierre"), by and through pro se representation, hereby respectfully moves this Honorable Court for an Order reducing his sentence to time served and/or in the alternative reduce the unserved portion of his sentence to supervised release with a period of home confinement as a condition of supervised release provided that the Court finds that home confinement is a "substitute for imprisonment", based on the extraordinary and compelling reasons

discussed below, pursuant to the amended 18 USC § 3582(c)(1)(A)(i).

## Legal Analysis

Under 18 USC § 3582(c)(1)(A), the Court may, in certain circumstances, grant a defendant's motion to reduce his or her sentence of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring such a motion on the defendant's behalf" or "after 30 days have passed from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier."

If that exhaustion requirement is met, a

court may reduce the defendant's term of imprisonment after considering the factors in 18 U.S.C. § 3553(a) if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. <u>United States v. Green</u>, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reductions of sentence under § 3582(c)(1)(A). As relevant here, the policy statement provides that a Court may reduce the term of imprisonment after considering the 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent

with policy statements". USSG § 1B1.13

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons". First, that standard is met if the defendant is "suffering from a terminal illness", such as "metastatic solid-tumor cancer, amyotropic later sclerosis (ALS), end stage organ disease, or advanced dementia". USSG § 1B1.13, cmt. n. 1(A)(i). Second, the standard is met if the defendant is:

(I) suffering from a serious physical or medical condition;

(II) suffering from a serious functional or cognitive impairment; or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the enviroment of a correctional facility and from which he or she is not expected to recover. USSG § 1B1.13, cmt. n. 1(A)(ii).

The application note also sets out other

conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendants age. USSG §1B1.13, cmt.1(B). U.SS.G §1B1.13(c) addresses family circumstances. Finally, the not recognizes the possibilities of "Other Reasons" that amount to "extraordinary and compelling reasons". USSG. §1B1.13, cmt. n.1(D). The Application Note 1(D) category specifically includes "an extraordinary and compelling reason other than, or in combination with," the first three. (id). Additionally, the commentary makes clear that the extraordinary and compelling reasons, "need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." USSG. §1B1.13, Application Note 2. In other words, even if an "extraordinary and compelling reasons reasonably could have been known or anticipated by the sentencing court, that fact does not preclude consideration for a sentence reduction.

As the above language makes clear, extraordinary

and compelling reasons for a sentence reduction may exist even when an inmate is not elderly, ill, or facing dire, caregiver-related family circumstances. And though policy statement - which has not been amended since the passage of the First Step Act - vests the Director of the BOP with the authority to determine when such "other reasons" might warrant a reduction in a particular case, that language is now irreconcilable with revised statute, which permits a defendant to bring a § 3582 motion to the Court without any response from the BOP or even if the BOP expressly decides that no reasons warrant a reduction of sentence. Accordingly, that aspect of the commentary is not binding on the courts because it is inconsistent with the amended text of § 3582 - and the undisputed purpose of the First Step Act - which, "like other sentencing statutes ... trumps the guidelines." Dorsey v United States, 567 U.S. 260, 266 (2012). Congress has finally removed the BOP's blessing as a prerequisite to relief

under §3582(c). The law trumps §1B1.13's requirement of a BOP motion and divests the BOP of its previous authority to resolve and determine whether extraordinary and compelling reasons warrant a sentence reduction in a particular case.

Indeed, at least two District Courts in the Miami Division and three District Courts in the Tampa Division have observed that since the passage of the First Step Act that §1B1.13 "has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release." United States v Hope, Case No. 40-CR-06108-KMW-2, 2020 U.S.Dist.Lexis 86395 at *4-7 (S.D Fla April 10, 2020); United States v Suarez, 2020 U.S.Dist. Lexis 137102 (S.D Fla April 24, 2020), United States v Barsoom, Case No. 8:11-CR-548-T-33PT, 2020 U.S.Dist. Lexis 108295 (M.D.Fla June 19, 2020); United States v Willet, Case No. 8:19-CR-341-T-33AEP, 2020 U.S.Dist. Lexis 173541 (M.D.Fla Sept. 22, 2020), and "because the current version of the Guidelines policy statement conflicts with the First Step Act, the newly-enacted

Statutory provisions must be given effect"; <u>Hope</u>, 2020 US Dist Lexis at *5-7 ("Given the changes to the statute, the policy statement provision that was previously applicable to 18 USC. § 3582(c)(1)(A) no longer fits with the statute and thus does not comply with the Congressional mandate that the policy statement must provide guidance on the appropriate use of the sentence-modification provisions under § 3582").

The Courts authority to reduce the Defendant's <u>pose</u> sentence is not only consistent with the statute, but also with the language in the policy statement, which makes clear that "the Court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction)" and encouraging the filing of a motion for compassionate release where a defendant "meets any of the circumstances set forth in the Application Note". As mentioned above, in amending the language of 18 USC. § 3582(c)(1)(A),

Congress finally empowered Courts to make this critical determination, even in the face of a BOP determination that a defendant's case is not extraordinary and compelling

## ARGUMENTS

This Court should grant the Defendant's motion for reduction of his sentence because he has exhausted his administrative remedies. See attached (Exhibit A). Also, this Court should reach the merits of his motion and grant the motion because the Defendant has established that "extraordinary and compelling reasons" support a sentence reduction.

**I.** The Defendant has identified "Extraordinary and Compelling Reasons" for a Reduction of Sentence, which is Warrant.

9 of 24

a.) Medical Condition, USSG § 1B1.13, cmt. n.1 (A)(ii)(I-III)

(1) Obesity

The Defendant argues that his "Obesity" medical condition during this COVID-19 pandemic, according to the CDC, the NiH, and the DOJ, qualify as a "extraordinary and compelling reason" which could warrant the reduction of his sentence

The CDC, the NiH, and the DOJ reports the following conditions "are at increased risk of severe illness from COVID-19", cancer; chronic kidney disease; COPD; immunocompromised state (weakened immune system) from solid organ transplant; "Obesity" (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart-failure, coronary artery disease, or cardiomyopathies, sickle cell disease; and type-2 diabetes mellitus." See Centers for

Disease Control and Prevention, People with Certain Medical Conditions, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited February 27, 2021).

In United States v Morgan, Case No. 01-00456-CR-MOORE, Docket Entry # 218 at pages 4-5 and 9-10 (S.D.Fla. February 3, 2021), the Government conceded that defendants with "Obesity" (BMI of 30 or higher) has "a serious physical or medical condition... that substantially diminishes the ability of the defendant to provide self-care within the enviroment of a correctional facility." See also United States v Minsal, Case No. 1:18-CR-20597-UU, 1:18-CR-20797-UU, 2020 U.S. Dist. Lexis 142198 (S.D.Fla. August 5, 2020) (same); U.S. v Weems, Case No. 18-CR-60185-BB, 2020 U.S. Dist. Lexis 141408 (S.D. Fla. August 7, 2020)(same);

11 of 24

U.S. v Israel, Case No. 95-00314-CR-LENARD, 2020 U.S. Dist. Lexis 137103 (S.D. Fla. July 29, 2020)(same); U.S v Curington, Case No. 12-20115-CR-COOKE, 2020 U.S. Dist. Lexis 135901 (S.D. Fla. July 7, 2020)(same); U.S. v Bogomolova, Case No. 8:14-CR-217-T-33TGW, 2020 U.S. Dist. Lexis 172312 (M.D. Fla September 21, 2020)(same); and U.S v Barton, Case No. 8:14-CR-496-T-36AEP, 2020 U.S. Dist. Lexis 187831 (M.D. Fla. October 9, 2020)(same).

In this case, the Defendant's medical records conclusively show that he is Obese. See Medical Records the defendant has a BMI greater than 30 or higher. The Defendants obesity is a factor that places him at greater increased risk for severe illness that the CDC, the NIH, and DOJ has warned that having a BMI greater than 30 is a risk factor, and the Defendants BMI has

fluctuated between 30 and higher during his incarceration.

For the reasons stated above, this Court should find that the Defendants Obesity medical condition constitute "extraordinary and compelling reasons" warranting a compassionate release sentence reduction in this case pursuant to 18 U.S.C. § 3582(c)(1)(A).

(2). <u>Type II Diabetes Mellitus</u>

The Defendant argues that his Type II diabetes mellitus medical condition during the COVID-19 pandemic, according to the CDC, the NIH, and DOJ, qualify as an extraordinary and compelling reasons which qualifies him for a reduction of sentence.

The Defendant has been diagnosed with type II diabetes mellitus since 2012. <u>See Medical record</u>. Type II diabetes mellitus is one of the many underlying conditions for which the CDC

has warned against in the bout for COVID-19 prevention.

The Defendants medical records conclusively show that he is Type II diabetic. see medical records. Defendants diabetes is current and present, and is a factor that places him at a greater risk for severe illness. The CDC, the NIH, and DOJ has warned about that illness and its inability to fight off the virus, and concludes that he is highly susceptible to the COVID-19 virus. He is also currently receiving prescribed medication for his type II diabetes mellitus. see medical record.

For the reasons stated above, the Court should find that the defendant's type II diabetes mellitus medical condition constitutes extraordinary and compelling reasons warranting

14 of 24

a compassionate release sentence reduction in this case pursuant to 18 USC. § 3582(c)(i)(A).

### (3). Serious Heart Conditions

The Defendant provides that his hypertension medical condition during this Covid-19 pandemic, according to the CDC, the NIH, and the DOJ, qualify as an extraordinary and compelling reasons which could warrant the warrant of his sentence.

The Defendant has been diagnosed with hypertension since 2012. See medical records. Hypertension is a condition that puts strenuous stress on the heart and could be extremely fatal in combination with the COVID-19 virus, resulting in heart failure. The CDC lists serious heart conditions as one of the many underlying

15 of 24

Conditions thats vulnerable to the COVID-19 virus. See www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

The Defendants medical record conclusively demonstrate that he has a serious heart condition, hypertension. see medical record. His hypertension is current and present, and is a factor that places him at an increased risk for heart failure. The CDC, the NIH, and the DOJ recognized and warned that serious heart conditions is a risk factor and highly susceptible to COVID-19, especially when combined with other underlying conditions.

For the reasons stated above, this Court should find that the defendants serious heart condition constitute extraordinary and compelling reasons, by legal and medical standards, warranting a compassionate release sentence reduction in this case pursuant to 18 U.S.C. § 3582(c)(1)(A).

## (4) Sickle Cell Disease

The Defendant provides that his sickle cell medical condition during the COVID-19 pandemic, according to the CDC, the NiH, and the DoJ, qualify as an extraordinary and compelling reason, which could warrant the reduction of his sentence.

The CDC reports that the Sickle cell disease are at an increased risk for severe illness from COVID-19. see www.cdc.gov/coronavirus

The Defendants medical records conclusively demonstrate that he has sickle cell. see medical record. He was diagnosed with sickle cell since 2015. This condition affects his ability to fight the virus as his immune system is already at a weakened state and the contraction of the COVID-19 would overwhelm his immune system, substantially diminishing his ability to provide self-care within the enviroment of the correctional facility. His sickle cell condition is a factor that places him at a great disadvantage when factored with

his type II diabetes, hypertension, and obesity.

For the reasons stated above, this Court should find that the defendants sickle cell medical condition constitutes extraordinary and compelling reasons, by legal and medical standards, warranting a compassionate release sentence reduction in this case pursuant to 18 USC § 3582(c)(1)(A).

## II. The Relevant § 3553(a) Factors weigh Strongly in favor of a Sentencing reduction in this case

In deciding the Defendants case and request for a sentence reduction, the Court must also determine whether, after considering the relevant factors set forth in section 3553(a) to the extent they are applicable, would a lower sentence be appropriate, and in addition to

making that finding, whether the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 USC. §3142(g). USSG §1B1.13(a)

a.) The Relevant 18 USC § 3553 (a) Factors weigh Strongly in favor of relief for the Defendant

As the preceding discussion demonstrates, a reduced sentence in this case would fulfill the mandate of section 3553(a).

The Defendants offenses were non-violent offenses, no one was physically injured, and there was no victim in this case, basically the Defendant never harmed anyone in the commission of this non-violent offense. see Presentence Investigation Report, Offense Conduct.

19 of 24

The Defendant has already served a significant amount of years in prison, which has consumed a portion of his life and his families, and represents, "by any measure a very substantial punishment that reflects the seriousness of his offense. and the need for both general and specific deterence." §3553(a) The Defendants years spent behind bars also promotes respect for the law and provides just punishment for his crimes. (id). Also, a reduction in sentence would also "avoid unwarranted sentencing disparaties among the Defendant and other defendants with similar records found guilty of similar conduct. (id).

Finally, the Defendants prison record. Well not-overwhelming with educational

20 of 24

Credits, accolades for his prison rehab-
ilitave efforts, or awards, the Defendants
prison record can be viewed as moderate.
Overall, there is no doubt that the time
Defendant has already served is more
than sufficient to achieve the objectives of
his sentence and the 18 USC § 3553(a)
factors.

b.) <u>The Defendant is not a danger to
the safety of any other person or
the Community</u>

The Defendant would not pose a danger
to any other person or to the community.
Even during the height of his criminal activity,
the record would conclusively demonstrate that
this was in fact a non-violent offense, no

21 of 24

One was physically harmed or injured, there was no victims in this non-violent offense, the Defendant basically never harmed anyone in the commission of this non-violent offense.

In short, the Defendant is not a danger to the safety of any other person or to the community; rather, his conduct while incarcerated of consistent job employment and participation in educational programs would eagerly contribute to society upon release.

## Conclusion

The Defendant has (1) exhausted his

22 of 24

administrative remedies, (2) demonstrated that "extraordinary and compelling reasons" warrant a sentence reduction, (3) the relevant 18 USC § 3553(a) factors weigh strongly in favor of relief for the Defendant, and (4) that the Defendant is not a danger to the safety of any other person or to the community.

For those reasons, the Defendant prays and asks that this Honorable Court grant his motion and reduce his sentence to time served and/or in the alternative, reduce the unserved portion of his sentence to supervised release with a period of home confinement as a condition of supervised release.

23 of 24

July 13, 2021
Date

Respectfully

Frank Pierre

## Certificate of Service

I Hereby Certify that a true and correct copy of the foregoing instrument was sent via first-class U.S. Mail, postage prepaid, on this __13th__ day of __July__, 2021, upon the following:

United States District Court
Southern District of Florida
Office of the Clerk-Rm 8N09
400 North Miami Avenue
Miami, Fl 33128-7716

Respecfully

Frank Pierre
Coleman FCI-Medium
P.O. Box 1032
Coleman, Fl 33521

24 of 24

FRANK PIERRE, 94272-004
COLEMAN MED FCI     UNT: B 3-4     QTR: B07-069L
P.O. BOX 1022
COLEMAN,  FL 33521

RECEIVED
07/26/21
M. Thomas, Sect.

**Response to Inmate Request to Staff**

Inmate:  Pierre, Frank
Register Number:  94272-004
Institution / Housing Unit:  COM/B07-069L

This is in response to your Reduction in Sentence Application, wherein you request consideration for Compassionate Release/Reduction In Sentence under Extraordinary and Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.  BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Your request has been evaluated consistent with this general guidance.

As you do not specifically cite any of the aforementioned circumstances, you do meet the requirements outlined in the first stage of the Warden's review in accordance with the minimum criteria for a Compassionate Release/Reduction in Sentence set forth in the Bureau of Prisons Program Statement 5050.50.

After careful review of this information, consideration for Compassionate Release/RIS is denied. In compliance with Bureau of Prisons' Program Review Statement 5050.50, titled Compassionate Release/Reeducation in Sentence, you may appeal this denial through the Administrative Remedy Program if you are unsatisfied with this response.

_____                    _____
S. Salem, Acting Warden                         Date

Delivered on 04/01/21
—M. Juanor,

**Response to Administrative Remedy Case Number: 1070688-F3**

This is in response to your Request for Administrative Remedy received April 5, 2021, wherein you request to be considered for Compassionate Release/Reduction in Sentence, Extraordinary and Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

As you do not specifically cite any of the aforementioned circumstances, you do meet the requirements outlined in the first stage of the Warden's review in accordance with the minimum criteria for a Compassionate Release/Reduction in Sentence set forth in the Bureau of Prisons Program Statement 5050.50.

**Therefore, your Request for Administrative Remedy is Denied.**

If you are dissatisfied with this response, you may submit an appeal on the appropriate form (BP-10) to the Regional Director's Office, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia, 30331-6226.   Your appeal must be received in their office within 20 calendar days from the date of this response.

_____          _____
S. Salem, Acting Warden               Date

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Pierre, Frank**          **94372-004**     **B-4-Cell-69 Coleman-Med**
    LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.          UNIT              INSTITUTION

**Part A– INMATE REQUEST**

I am deciding to Appeal the denial of my Request for Compassionate Release / Reduction in Sentence.

Request To Warden To file Compassionate Release Motion In The Courts.

I am requesting Warden that you file a motion for Compassionate release in the Federal Courts on my behalf ?

4/1/2021
DATE                                      SIGNATURE OF REQUESTER

**Part B– RESPONSE**

4/5/2021
DATE

Received 1070088-F3

                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: **1070088-F3**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

_____          ☆          _____
    DATE              PRINTED ON RECYCLED PAPER      RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                          BP-229(13)
USP LVN                                                    APRIL 1982

Before completing this application, please review Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS), available in the law library.

## REDUCTION IN SENTENCE APPLICATION

NAME: Frank Pierre          REG No. 94272-004    Date: 9-15-2020

WHO IS YOUR PHYSICIAN (circle):   Franco   Li   Bonnet-Engebretson   (Venuto)

Choose **One** Criteria: You can only apply under _one_ criteria.

Extraordinary/Compelling Circumstances:
- [ ] Medical Circumstances:
  - [ ] Terminal Medical Condition – Terminal Diagnosis with 18 months or less life expectancy.
  - [ ] Debilitated Medical Condition – Illness that has you partially (50%) or completely (100%) disabled.

- [ ] Elderly Inmates with a Medical Condition:
  - [ ] "New Law" Elderly Inmates – Have to have served 30 years of a sentence.
  - [ ] Elderly with Medical Conditions – 65 yrs. old or older, a deteriorating medical condition, served 50% of your sentence.

- [ ] Elderly Inmates without a Medical Condition: - 65 yrs. old or older, Served 10 yrs. or 75% of your sentence (which is greater)

- [ ] Death or Incapacitation of the Family Member Caregiver of an inmate's dependent child: -provide verifiable documentation the child is "suddenly" without a caretaker, the family member is in an incapacitated state and is unable to care for the child.
- [ ] Incapacitation of a Spouse or Registered Partner: -Provide verifiable medical documentation of incapacitated state.

- [x] Other:-Extraordinary and Compelling Circumstance   COVID-19

## To be filled out by Inmate:

Briefly describe your medical condition or extraordinary and compelling circumstance:

I have diabetes, high blood pressure, high cholestreal and family history of heart diease

If you have applied before, has anything changed in your medical condition since your last application?   no

Proposed Release Plan (**must have ALL of the following**):

Name and contact information of who you will live with:  Mrs. LaShunna Pierre 754 235-5152

When was the last time you spoke to this person concerning your release plan?  every day I speak to my wife daily when possible

Is this person willing to care for you?  yes

Address of where you will be living:  4751 N.W. 13th Ave  Pompano Fl 33064

Where will you receive your medical treatment (if applicable)?  at the nearest medical center

How will you pay for your treatment (if applicable)?  I will get a job (health insur) family assit

Additional Comments:  My extraordinary and compelling circumstance is the fear of death from COVID-19. I am a blackman / minority with diabetes, high blood pressure, high cholestreal, and family history of heart diease, all of which is in my medical records. CDC confirms that a person with my conditions and race is at the highest rate of death from this COVID-19. So my answer is I am at risk of death (high then most). I am in fear of my life from COVID-19.

Rev 3/20

# Bureau of Prisons
# Health Services
# Medication Summary
## Current as of 04/15/2021 12:00

| Complex: COX--COLEMAN FCC | Begin Date: N/A | End Date: N/A |
|---|---|---|
| Inmate: PIERRE, FRANK | Reg #: 94272-004 | Quarter: B07-069L |

**Medications listed reflect prescribed medications from the begin date to end date on this report.**

**Allergies:** Denied

## Active Prescriptions

Atorvastatin 40 MG TAB

Take one tablet (40 MG) by mouth each evening for control of cholesterol

**Rx#:** 1002238-COX   **Doctor:** Franco, Karina MD

**Start:** 06/26/20   **Exp:** 06/26/21   Pharmacy Dispensings: 127 tab in 294 days

Lisinopril  5 MG Tab

Take one tablet (5 MG) by mouth daily

**Rx#:** 1002239-COX   **Doctor:** Franco, Karina MD

**Start:** 06/26/20   **Exp:** 06/26/21   Pharmacy Dispensings: 127 TAB in 294 days

metFORMIN HCl 1000 MG Tab

Take one tablet (1000 MG) by mouth twice daily with food for control of diabetes

**Rx#:** 1002240-COX   **Doctor:** Franco, Karina MD

**Start:** 06/26/20   **Exp:** 06/26/21   Pharmacy Dispensings: 268 TAB in 294 days

## Active OTC

| Medication | OTC Source | Start Date | Stop Date |
|---|---|---|---|
| Terbinafine HCl Cream 1 % 30 GM | Commissary-Recommended | 07/09/2019 | |

**Order Details:** Follow manufacturer's instructions.

**Bureau of Prisons**
**Health Services**
**Health Problems**

Reg #: 94272-004                    Inmate Name: PIERRE, FRANK

## Current

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| Diabetes mellitus, type II (adult-onset) | | | | | | |
| 11/02/2012 15:25 EST  Cintron, Miguel A MD | III | ICD-9 | 250.00 | 07/02/2010 | Current | 11/02/2012 |
| 05/02/2012 12:15 EST  Cintron, Miguel A MD | III | ICD-9 | 250.00 | 07/02/2010 | Current | 05/02/2012 |
| 04/10/2012 15:38 EST  Cintron, Miguel A MD | III | ICD-9 | 250.00 | 07/02/2010 | Current | 04/10/2012 |
| 07/02/2010 10:52 EST  Ginart, L. MD | | | | | | |
| Lab not in chart since 2010 | | | | | | |
| Hyperlipidemia, mixed | | | | | | |
| 11/02/2012 15:25 EST  Cintron, Miguel A MD | III | ICD-9 | 272.2 | 05/02/2012 | Current | 11/02/2012 |
| 05/02/2012 12:21 EST  Cintron, Miguel A MD | III | ICD-9 | 272.2 | 05/02/2012 | Current | 05/02/2012 |
| Sickle-cell trait | | | | | | |
| 04/16/2015 14:40 EST  Seda, Alex MD | III | ICD-9 | 282.5 | 04/16/2015 | Current | 04/16/2015 |
| Hypertension, Unspecified essential | | | | | | |
| 11/02/2012 15:25 EST  Cintron, Miguel A MD | III | ICD-9 | 401.9 | 12/06/2010 | Current | 11/02/2012 |
| Obesity | | | | | | |
| 05/02/2012 12:15 EST  Cintron, Miguel A MD | III | ICD-9 | 401.9 | 12/06/2010 | Current | 05/02/2012 |
| Obesity | | | | | | |
| 04/10/2012 15:38 EST  Cintron, Miguel A MD | III | ICD-9 | 401.9 | 12/06/2010 | Resolved | 04/10/2012 |
| Obesity | | | | | | |
| 12/06/2010 14:35 EST  Fernandez, Jesus MD | III | ICD-9 | 401.9 | 12/06/2010 | Current | 12/06/2010 |
| Obesity | | | | | | |
| Tinea unguium | | | | | | |
| 07/09/2019 14:44 EST  Vallejo-Rodriguez, Orlando MD | | ICD-10 | B351 | 07/09/2019 | Current | 07/09/2019 |
| All Toe Nails. | | | | | | |
| Tinea pedis | | | | | | |
| 07/09/2019 14:44 EST  Vallejo-Rodriguez, Orlando MD | | ICD-10 | B353 | 07/09/2019 | Current | 07/09/2019 |
| Bilateral | | | | | | |
| Peripheral vascular disease | | | | | | |
| 07/09/2019 14:44 EST  Vallejo-Rodriguez, Orlando MD | | ICD-10 | I739 | 07/09/2019 | Current | |
| Decreased peripheral leg pulses, pitting edema. | | | | | | |
| Dental caries on smooth surface penetrating into dentin | | | | | | |

Reg #:  94272-004                                  Inmate Name:  PIERRE, FRANK

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| Other and unspecified hyperlipidemia | | | | | | |
| 07/10/2019 08:40 EST  Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 272.4 | 06/21/2011 | Resolved | 07/10/2019 |
| 06/21/2011 19:16 EST  Fernandez, Jesus MD | III | ICD-9 | 272.4 | 06/21/2011 | Current | 06/21/2011 |
| Other sickle-cell disease without crisis | | | | | | |
| 02/23/2016 07:20 EST  SYSTEM | III | ICD-9 | 282.68 | 06/21/2011 | Resolved | 04/16/2015 |
| 04/16/2015 14:39 EST  Seda, Alex MD | III | ICD-9 | 282.68 | 06/21/2011 | Resolved | 04/16/2015 |
| 06/21/2011 19:14 EST  Fernandez, Jesus MD | III | ICD-9 | 282.68 | 06/21/2011 | Current | 06/21/2011 |
| Dental caries, unspecified | | | | | | |
| 07/10/2019 08:41 EST  Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 521.00 | 02/26/2013 | Resolved | 07/10/2019 |
| 02/26/2013 14:22 EST  McCullough, Ray M. DDS | III | ICD-9 | 521.00 | 02/26/2013 | Current | 02/26/2013 |
| Pulpitis | | | | | | |
| 07/10/2019 08:41 EST  Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 522.0 | 12/16/2013 | Resolved | 07/10/2019 |
| 12/16/2013 13:29 EST  Torres, Gina DMD | III | ICD-9 | 522.0 | 12/16/2013 | Current | 12/16/2013 |
| Chronic apical periodontitis | | | | | | |
| 07/10/2019 08:41 EST  Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 522.6 | 02/26/2013 | Resolved | 07/10/2019 |
| 02/26/2013 14:22 EST  McCullough, Ray M. DDS | III | ICD-9 | 522.6 | 02/26/2013 | Current | 02/26/2013 |
| Retained dental root | | | | | | |
| 07/10/2019 08:41 EST  Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 525.3 | 02/26/2013 | Resolved | 07/10/2019 |
| 02/26/2013 14:22 EST  McCullough, Ray M. DDS | III | ICD-9 | 525.3 | 02/26/2013 | Current | 02/26/2013 |
| Unsatisfactory restoration of existing tooth | | | | | | |
| 07/10/2019 08:41 EST  Vallejo-Rodriguez, Orlando MD  tooth #18 | III | ICD-9 | 525.69 | 03/17/2014 | Resolved | 07/10/2019 |
| 03/17/2014 11:18 EST  Vazquez-Diaz, Pio DDS  tooth #18 | III | ICD-9 | 525.69 | 03/17/2014 | Current | 03/17/2014 |
| Cellulitis and abscess of mouth | | | | | | |

## Resolved

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 12/14/2017 10:41 EST  Gonzalez, P. DMD  fracture filling #14 | ICD-10 | | K0262 | 12/14/2017 | Current | |
| 12/14/2017 10:38 EST  Gonzalez, P. DMD | ICD-10 | | K0262 | 12/14/2017 | Current | |
| Suspect/probable COVID-19 case | | | | | | |
| 10/19/2020 20:47 EST  Torres, M. RN/IOP/IDC | ICD-10 | | U07.2 | 10/19/2020 | Current | |
| History of noncompliance with medical treatment | | | | | | |
| 04/16/2015 14:40 EST  Seda, Alex MD | III | ICD-9 | V15.81 | 04/16/2015 | Current | 04/16/2015 |

Reg #: 94272-004                    Inmate Name: PIERRE, FRANK

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| 02/23/2016 07:20 EST SYSTEM | III | ICD-9 | 528.3 | 10/22/2012 | Resolved | 09/15/2015 |
| 09/15/2015 14:54 EST Seda, Alex MD | III | ICD-9 | 528.3 | 10/22/2012 | Resolved | 09/15/2015 |
| 10/22/2012 12:33 EST McCullough, Ray M. DDS | III | ICD-9 | 528.3 | 10/22/2012 | Current | 10/22/2012 |
| BPH, Benign Hypertophy of Prostate | | | | | | |
| 07/10/2019 08:41 EST Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 600.00 | 06/21/2011 | Resolved | 07/10/2019 |
| 06/21/2011 19:14 EST Fernandez, Jesus MD | III | ICD-9 | 600.00 | 06/21/2011 | Current | 06/21/2011 |
| Knee, Pain in joint, lower leg | | | | | | |
| 07/10/2019 08:41 EST Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 719.46 | 09/15/2015 | Resolved | 07/10/2019 |
| 09/15/2015 15:00 EST Seda, Alex MD | III | ICD-9 | 719.46 | 09/15/2015 | Current | 09/15/2015 |
| Broken tooth traumatic w/o mention of complication | | | | | | |
| 07/10/2019 08:41 EST Vallejo-Rodriguez, Orlando MD | III | ICD-9 | 873.63 | 07/02/2012 | Resolved | 07/10/2019 |
| 07/02/2012 15:47 EST Quinones, Glidden DDS | III | ICD-9 | 873.63 | 07/02/2012 | Current | 07/02/2012 |
| Confirmed case COVID-19 | | | | | | |
| 08/05/2020 12:03 EST Torres, M. RN/IOP/IDC Updating BEMR as per sentry | | ICD-10 | U07.1 | 07/03/2020 | Resolved | 08/05/2020 |
| 07/03/2020 12:41 EST Torres, M. RN/IOP/IDC | | ICD-10 | U07.1 | 07/03/2020 | Current | |
| Coronavirus COVID-19 test negative | | | | | | |
| 10/19/2020 20:47 EST Torres, M. RN/IOP/IDC Updating BEMR as per sentry | | ICD-10 | Z03818- | 08/04/2020 | Resolved | 10/19/2020 |
| 08/05/2020 12:03 EST Torres, M. RN/IOP/IDC Updating BEMR as per sentry | | ICD-10 | Z03818- | 08/04/2020 | Current | |
| Quarantine - asymptomatic person in quarantine | | | | | | |
| 12/15/2020 14:38 EST Torres, M. RN/IOP/IDC | | ICD-10 | Z0489-q | 11/02/2020 | Resolved | 12/15/2020 |
| 10/19/2020 20:47 EST Torres, M. RN/IOP/IDC | | ICD-10 | Z0489-q | 10/19/2020 | Current | |

**Total: 24**



U.S. POSTAGE PAID
FCM LG ENV
COLEMAN, FL
33521
JUL 15 '21
AMOUNT
$0.00
R2304Y122863-09

$0.00

33128

1023

Frank Pierre #94273-004
Federal Correctional Complex
Coleman - Medium
P.O. Box 1032
Coleman, Florida 33521

United States District Court
Southern District of Florida
Office of the Clerk - Rm 8N09
400 North Miami Avenue
Miami, Florida 33128-7716

USMS INSPECTED

CERTIFIED MAIL

7020 1810 0000 2598 2700

