UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-CR-14007-MOORE

UNITED STATES OF AMERICA

vs.

FRANK PIERRE,
 Defendant



FILED BY **PG** D.C.

AUG 20 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## **Response to the Government**

Comes Now Petitioner Frank Pierre "Mr. Pierre who files this motion *pro se, prays* that this court construe this motion liberally *see* Haines v. Kerner 404 u.s. 519 (1972). Mr. Pierre files this response in opposition based on the response that the Government have filed. The Government did not address key facts. Mr. Pierre have not received the second dosage of the COVID-19 shot; he has filed for relief based on the two-level reduction in which he is eligible. Being resentenced to the applicable time frame would entitle Mr. Pierre to time served. Being sentenced to time served during a Pandemic is justifiable. Mr. Pierre is not a threat to the community. He is a father who have not been home with his children. He has complied with the government request to proffer when the time was appropriate, he have not received any relief for. Since his incarceration Mr. Pierre have only received two disciplinary sanctions in which have been resolved (due to the nature of the sanctions BOP have expunged the sanctions) since then Mr. Pierre have suffered from his medical conditions in a time where COVID-19 is making a comeback within the Prison system a sentence Reduction of Mr. Pierre sentence is reasonable.

Procedural History

Mr. Pierre was found guilty on March 4, 2009, after a trial jury and subsequently sentenced on June 7, 2009, to a total term of LIFE imprisonment with a supervised release term of 10 years on Count One, and (480) months of imprisonment and five years of supervised release on Count Five. The conviction stemmed from a narcotics conspiracy and the indictment specified the violation of Title U.S.C. (a)(1)(A) in conjunction with Title 21 U.S.C. 846 (Conspiracy)Mr. Pierre appealed, Case No. 10-12720-JJ, and his conviction was affirmed the Eleventh Circuit Court Appeals in July 2011. Pierre filed a petition for certiorari the United States Supreme Court and was denied in January 2012. Pierre is currently incarcerated (BOP 94272-004) pursuant to the order of this court remanding custody to the Bureau of Prisons and is in Federal Correctional Complex FCC Coleman Medium in Coleman, Florida 33521.Mr. Pierre currently has no release date. From the time of this filing Mr. Pierre have filed numerous motions seeking relief with his sentence. He has filed a motion to reduce sentence in which is still pending before the courts.

## Discussion

The First Step Act was signed into to law for situations as this. Mr. Pierre stands in prison with no ability to be released. Since he suffers from medical conditions that could potentially end his life prematurely *If* he do not receive the vaccine in a timely manner time is of the essence. According to the CDC Mr. Pierre is in a category of individuals who if not vaccinated can potentially die[1] the CDC also stated that even though 101 million Americans have been vaccinated the death toll continues to rise for individuals such as Mr. Pierre who have only received on dosage of the vaccine. He is a father who have missed a decade of his sons' life he has a stabile family that have supported him through his time of incarceration even though Mr. Pierre have made mistakes in his life dying in prison for an offense that is no longer carries a life sentence is unreasonable.

---

[1] https://www.cdc.gov/mmwr/volumes/70/wr/mm7021e3.htm

Mr. Pierre is obese suffers from type 2 diabetes a condition that is listed as an underlying condition he qualifies for the two-level reduction in sentencing however this court have not made any ruling on the particular motion in the interest of justice this instant petition could save the US money by granting relief based on those factors. The response from the government is misplace and creates on certainty about the factors of law that are applicable to Mr. Pierre, for instance the government;

1. *never* made mention about the fact Mr. Pierre offered substantial assistance for a murder in which he was a witness

2. Mr. Pierre is also the only defendant left serving time

3. The drug amount has been changed

4. Mr. Pierre was sentenced before the enactment of FSA

5. The Government conceded that this court have Jurisdiction to resentence Mr. Pierre

## Argument

1. 18 U.S.C 3582  (C)(1)(a)(i) states the following  Congress has allowed a sentence modification upon a motion under 18 U.S.C. § 3582(c)(1)(A), which permits a sentence modification as follows:

2. the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal

3. a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment),

4. after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

5. (i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the

safety of any other person or the community, as provided under section 3142(g); and that such a reduction is
consistent with applicable policy statements issued by the Sentencing Commission[.] 18U.S.C. § 3582(c)(1)(A).
Prior to the First Step Act of 2018, only the BOP Director could petition a court on behalf of a prisoner for their
compassionate release. The Act amended § 3582 to allow the prisoner to directly file a motion for sentence
modification. In summary, once a prisoner has satisfied the threshold requirement of Subsection (A) by
exhausting their available administrative remedies, a district court may thus grant a motion for reduction of
sentence ... only if three requirements are met: (1) the district court finds that extraordinary and compelling
reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth
in § 3553(a), to the extent that they are applicable.. The government used cases that have NO bearing on Mr.
Pierre' current situation. Mr. Pierre have filed his petition after the warden of the institution failed to respond in
30 days the circuit cases that the government have relied on have since been abrogated for instance in the 10th
circuit the appeals court vacated and remanded United States vs. Mau-Mau 993 F.3d 821 (10th Cir. 2021). In
Mau Mau Petitioner filed a motion based on 18 U.S.C 3582 (c) (1)(a)(i) challenging his 924(c) conviction also
the circuit have ruled just as the 6th circuit that 18 U.S.C 3582(c) (1) (a) (i) grants the district court the ability to
resentence a defendant once the 18 U.S.C 3553(a) factors have been met here the government failed to address
the issue that Mr. Pierre have offered substantial assistance that was used in the prosecution of a defendant
named in a state court proceeding. The government failing to address that situation is accepted as a concurrence
based on this circuits precedent on those matters *see* Wade v United States (2009) "Unobjected to fact are
accepted as true" The 6th circuit in United States v Andrews No. 3:93-CR-031 (2021) granted Mr. Andrews
relief based on the provisions set out in 18 U.S.C 3582 (c) (1)(a)(i). The government in Andrews have stated
Mr. Andrews was a threat to the community. However, given the 18 U.S.C 3553(a) factors have put Mr.
Andrews in a different category and have The 6th Circuit have since released Mr. Andrews. More recently the
10th circuit have granted relief to another petitioner serving a life sentence who was eligible for relief under the
First Step Act based on the sentencing table changes *see* United States v Comelio-Legarda 07-CR-239-SWS
(2021) in Legarda the defendant was sentenced before the enactment of the First Step Act. The Petitioner filed
a motion based on 18 U.S.C 3582 (c) (1) (a)(i) based on the compassionate release provision the court agreed
that the petitioner was eligible for relief however considered the 3553(a) factors. Mr. Pierre prays that this court
considers those factors in this instant petition. Mr. Pierre is not professing to be a saint nor is he saying that he is
perfect. He is in a situation where this court have the full ability to right the wrong of his sentence. He would
accept responsibility for his action. Being incarcerated for a draconian drug sentence is Unconstitutional and he
asks this court to consider the fact that his sentence is not longer valid and prays that this court takes those
factors into consideration. Vacated the sentence and modify it to the appilicable time allowed based on the
currenct law.

## Conclusion

Mr. Pierre prays that this court grant the motion modify the sentence to time served and order his immediate
release.

I Frank Pierre certify that a true and correct copy have been sent to the AUSA on this Day 16 of August 2021

**Respectfully submitted**

**Frank Pierre**
94272-004
Coleman II-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1034
Coleman, FL 33521
PRO SE

**Jennifer C. Nucci**
U.S. Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
561-820-8711
Fax: 561-805-9846
Email: jennifer.nucci@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Frank Pierre #94272-004
Federal Correctional Complex
Coleman - Medium
P.O. Box 1032
Coleman, Florida 33521

United States District Co
Southern District of Florida
Office of the Clerk- Rm 8N
400 North Miami Avenue
Miami, Florida 33128



U.S.M.S.
INSPECTED
BY:



1023
33128



U.S. POSTAGE PAID
COLEMAN, FL
33521
AUG 17, 21
AMOUNT
$0.00
R2304Y122865-09

