UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:09-cr-14007-KMM-7

UNITED STATES OF AMERICA,

v.

FRANK PIERRE,

      Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court upon Defendant Frank Pierre's ("Defendant") Motion for Retroactive Two-Level Reduction of Guideline, Pursuant to 18 U.S.C. § 3582(C)(2) ("Amendment 782 Mot.") (ECF No. 634) and Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) ("Compassionate Release Mot.") (ECF No. 693). The Government filed responses in opposition. ("Amendment 782 Resp.") (ECF No. 637); ("Compassionate Release Resp.") (ECF No. 698). Defendant filed replies. ("Amendment 782 Reply") (ECF No. 638); ("Compassionate Release Reply") (ECF No. 702). The Motions are now ripe for review.

**I.    BACKGROUND**

On November 8, 2012, Defendant was found guilty by a jury of Counts 1 and 5 of the Fourth Superseding Indictment, which listed eight (8) counts. (ECF Nos. 102, 340). Specifically, Defendant was found guilty of: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 18 U.S.C. § 846 ("Count 1"), and (2) possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 18 U.S.C. § 841(a)(1) ("Count 5"). (ECF Nos. 102, 340).

Defendant's guideline range was life imprisonment. PSI ¶ 99. The Court arrived at this guideline range based on the drug amount: 150 kilograms, or more. *Id*. ¶ 46. The 150-kilogram

weight designation was based on the fact that Defendant was found to be responsible for 447 kilograms of cocaine. *Id*. ¶ 12 ("The defendant is responsible for 447 kilograms of cocaine"). Defendant's offense level was increased by two levels due to specific characteristics of the offense (possession of a firearm), and another four levels for Defendant's role in the offense (organizer or leader of criminal activity involving five or more participants). *Id*. ¶¶ 47, 49. Then, Defendant's total offense level was reduced to 43 pursuant "to Chapter Five, Part A, comment. (n.2), [which provides that] in rare cases where the total offense level is more than 43, it is to be treated as an offense level of 43." *Id*. ¶ 54. Thus, based on Defendant's total offense level of 43 and his criminal history category of III, the resulting guideline range was life imprisonment. *Id*. ¶ 54. 99.

On June 7, 2010, the Court sentenced Defendant to a term of life imprisonment as to Count 1 to be served concurrently with a term of 480 months imprisonment as to Count 5, to be followed by a five (5) year term of supervised release. (ECF No. 401) at 2.

Now, Defendant moves for (1) a sentence reduction pursuant to § 3582(c)(2) based on the 2014 Retroactive Amendment 782; and (2) compassionate release under § 3582(c)(1)(A)(i). *See generally* Amendment 782 Mot.; Compassionate Release Mot.

II. **LEGAL STANDARD**

Generally, once a term of imprisonment has been imposed, a court may not modify it. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, a defendant may move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), or the court may modify an imposed term of imprisonment to the extent permitted by statute pursuant to § 3582(c)(1)(B).

    A. **Amendment 782 to the Sentencing Guidelines**

On April 30, 2014, the United States Sentencing Commission promulgated Amendment 782, which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* U.S.S.G., supp. app'x. C, amend. 782

2

(2014). While the previous applicable guideline set a base offense level of 38 for federal drug felonies involving 150 or more kilograms of cocaine, the new guideline sets a base offense level of 36 for federal drug felonies involving 150–449 kilograms of cocaine, and a base offense level of 38 for federal drug felonies involving 450 kilograms or more of cocaine. *See id.*

In Amendment 788, the Sentencing Commission amended § 1B1.10 of the Sentencing Guidelines to authorize district courts to retroactively to lower the sentences of previously sentenced inmates, in accord with Amendment 782. *See* U.S.S.G., supp. app'x. C, amend. 788 (2014). This authority derives from § 3582(c)(2), which provides that a court may not modify a term of imprisonment once it has been imposed, except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2).

### B.     Compassionate Release Framework

Before a court can consider a § 3582(c)(1)(A) motion, the defendant must exhaust his administrative remedies by petitioning the warden of his correctional facility to file a motion on his behalf. *See* § 3582(c)(1)(A). A defendant may only file a § 3582(c)(1)(A) motion with a court once the Bureau of Prisons ("BOP") fails to bring a motion on behalf of the defendant or after thirty (30) days have passed since the warden received the request, whichever is earlier. *See id.*

Once the defendant has exhausted his administrative remedies, a court may grant a motion for compassionate release upon a finding that there are extraordinary and compelling reasons for release that are "consistent with applicable policy statements issued by the [United States] Sentencing Commission." *See id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable

policy statement issued by the Sentencing Commission is found in U.S.S.G. § 1B1.13 and provides that a court may reduce a term of imprisonment if "(1) extraordinary and compelling reasons warrant the reduction"; "(2) the defendant is not a danger to the safety of any other person or to the community"; and "(3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application notes to § 1B1.13 define the phrase "extraordinary and compelling reasons" as follows:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Section 3582(c)(1)(A) also requires a court "to consider the factors set forth in [§] 3553(a) to the extent they are applicable." *Rodriquez-Orejuela*, 457 F. Supp. 3d at 1282. The applicable § 3553(a) factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." § 3553(a).

"[T]he defendant bears the burden of establishing that compassionate release is warranted." *United States v. Rodriquez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Amendment 782 to the Sentencing Guidelines

Defendant argues that he was sentenced to life imprisonment without the application of the 2014 retroactive guidelines amendment, and his total offense level would now be 41, which would correspond with a guideline range of 360 to life imprisonment, as to both counts for which he was convicted. Amendment 782 Mot. at 1–2. Thus, Defendant requests a reduction of his sentence pursuant to § 3582(c)(2). *Id*. at 2. Defendant also points out that he attempted to assist the State of Florida in a first-degree murder case, however, the Government never filed a motion for a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35. *Id*.

In response, the Government concedes that Defendant is correct that Amendment 782 reduced the guideline range applicable to his case, and therefore the Court may consider whether to reduce his sentence. Amendment 782 Resp. at 4. The Government states that Defendant's final offense level is now a 42 and he has a criminal history category of III, which results in a range of 360 months to life imprisonment. *Id*. at 5. The Government stresses that the Court may not reduce

Defendant's sentence for a term of imprisonment that would be less than the minimum guideline range. *Id*. at 5–6 (citing U.S.S.G. § 1B1.10(b)(2)(A)). The Government points out that Defendant is accountable for 447 kilograms of cocaine, and is therefore only narrowly eligible for the relief that he is seeking. *Id*. at 6. The Government argues that the original sentence of life imprisonment as to Count 1 and 480 months[1] as to Count 5 remain reasonable, and the Government therefore opposes any reduction in Defendant's sentence. *Id*. at 7. The Court also notes that Defendant's cooperation with the State of Florida did not result in anything substantial and his attempted cooperation did not cause a plea or conviction (the case was ultimately nolle prossed). *Id*. at 8.

The Parties do not dispute, and the Court agrees, that Amendment 782 reduced the guideline range that is applicable to this case based on the drug quantity for which Defendant is accountable. Thus, the Court finds that Defendant is eligible for relief under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). However, relief pursuant to under § 3582(c)(2) is discretionary and should only be granted after a consideration of the § 3553(a) factors to determine whether the reduction authorized under § 3582(c)(2) is warranted. *Id*.

Here, having considered the applicable § 3553(a) factors, the Court finds that a reduction of Defendant's sentence pursuant to § 3582(c)(2) is not warranted. Defendant has a substantial and violent criminal history. PSI ¶¶ 56–69. On January 9, 1993, defendant approached two female employees of a Rally's, who were standing in a parking lot, and demanded that they take him inside the store, at gunpoint. *Id*. ¶ 61. Defendant then had the manager of the store open the safe and absconded with a bag of money. *Id*. Defendant was convicted of three counts of armed kidnapping and one count of attempted robbery with a deadly weapon. *Id*. This was the second instance in which Defendant approached someone at gunpoint and demanded money. *Id*. ¶ 62. Shortly after

---

[1] The Government informs the Court that 480 months is the statutory maximum for the offense under Count 5. Amendment 782 Resp. at 7.

his release from prison, Defendant was stopped for speeding and a search of his car revealed a loaded .380 caliber handgun in the front seat. *Id.* ¶ 63. He was convicted of driving with an expired license and the charge of possession of a firearm by a convicted felon was nolle prossed. *Id.* Defendant has also been convicted of dealing in stolen property. *Id.* ¶ 65.

In this case, Defendant was responsible for at least 447 kilograms of cocaine and was the source of supply for other co-conspirators. *Id.* ¶ 31. Moreover, Defendant played a leadership role in the criminal organization. *Id.* ¶ 27. For this reason, Defendant qualified for a four-level increase pursuant to § 3B1.1(a). *Id.* ¶ 31. During the course of the investigation that led to Defendant's conviction, law enforcement seized: over 297 kilograms of cocaine, 109 grams of cocaine base, over 1,800 suspected MDMA pills, $130,152 in cash, 12 vehicles, ammunition, and six firearms. *Id.* ¶ 28. Notably, three of the firearms were seized pursuant to a warrant executed on Defendant's home. *Id.* Defendant's co-conspirator, Jean Claudy Polanco, admitted that he sold Defendant 300 kilograms of cocaine and observed him with a gun on three separate occasions. *Id.* ¶ 25.[2]

The Court can only imagine the harmful effects of the enormous amount of cocaine that Defendant was responsible for in this case. *United States v. Bueno-Sierra*, 847 F. App'x 749, 751 (11th Cir. 2021) (A "cocaine-trafficking offense [is] a 'terribly serious crime because so much other criminal activity and human misery is attributable to people who have become addicted to cocaine[.]'"). The seriousness of Defendant's offense is amplified by his leadership role in the conspiracy, and by his possession of firearms in connection with it. Therefore, the Court concludes that Defendant's current sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to provide adequate deterrence

---

[2] To the extent Defendant objected to the above-stated facts within the PSI and/or the related enhancements during his sentencing hearing, the Court notes that these objections were denied during Defendant's sentencing hearing. *See* Sentencing Transcript ("Sentencing Tr.") (ECF No. 418) at 7:13–14; 18:1–4; 31:18–20.

of criminal conduct. § 3553(a)(2)(A) and § 3553(a)(2)(B). Moreover, given that Defendant has a criminal history that includes using firearms to commit crimes beyond the offenses for which he is now incarcerated, the Court finds that it the need to protect the public from Defendant warrants maintaining Defendant's current sentence. § 3553(a)(2)(C).

Insofar as Defendant contends that his cooperation the State of Florida in a murder investigation demonstrates his rehabilitation, the Court finds that Defendant's cooperation was not so significant as to outweigh the § 3553(a) factors which weigh against a reduction of his sentence. Amendment 782 Resp. at 8.

For these reasons, although Defendant is eligible for a sentence reduction pursuant to § 3582(c)(2), the Court finds that such a reduction is not warranted upon consideration of the § 3553(a) factors and finds that Defendant's life sentence—which remains within the revised guideline range—must be maintained.

### B. Compassionate Release Motion

Defendant moves for compassionate release based on the risk of COVID-19 in combination with his various medical conditions, which include: obesity, diabetes, hypertension, and obesity. Compassionate Release Mot. at 10–18. Additionally, Defendant argues that the § 3553(a) factors warrant release because he is no longer a danger to society and because his offenses were non-violent. *Id*. at 19–22.

In response, the Government argues that the risks associated with COVID-19 do not constitute an extraordinary and compelling reason for release because Defendant has now been vaccinated. Compassionate Release Resp. at 18. Additionally, the Government argues that the § 3553(a) factors weigh against Defendant's release. *Id*. at 26.

The Government informs the Court that Defendant has received the Johnson & Johnson vaccine for COVID-19. *Id*. at 18. Defendant "makes no argument as to how extraordinary and

compelling circumstances might exist following his vaccinations." *United States v. Lipcomb*, 2021 WL 734519, *2 (M.D. Fla. Feb. 21, 2021); *see generally* Compassionate Release Mot; Compassionate Release Reply. The Court finds that Defendant's vaccination has substantially, if not completely, diminished Defendant's risk for serious illness from COVID-19. *See United States v. Barbieri*, No. 18-20060-CR, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (citing *United States v. Roja*s, No. 18-20923-CR, 2021 WL 1895810, at *6 (S.D. Fla. May 11, 2021) (recognizing that the defendant's once-legitimate concerns about Covid-19 would become moot upon availability of a vaccine to protect against serious Covid-19 infections); *see also United States v. Parker*, No. 06-60130-CR, 2021 WL 2434270, at *3 (S.D. Fla. June 14, 2021) (denying motion for compassionate release for failure to identify extraordinary circumstances, explaining "Defendant argues that he has a high probability of being exposed to COVID-19 but the extensive availability of vaccines clearly rebuts that dated argument."). Defendant does not have a terminal illness and he has not demonstrated that his ability to provide self-care within the environment of a correctional institution has been substantially diminished U.S.S.G. § 1B1.13 Application Note 1(A)(ii). Accordingly, the Court finds that Defendant's medical conditions, considered in combination with the risk of illness from COVID-19, do not constitute extraordinary and compelling circumstances warranting release. U.S.S.G. § 1B1.13, Application Note 1(A).

Further, in any event, the Court finds that the 18 U.S.C. § 3553(a) factors weigh heavily against Defendant's release for the reasons stated in Part III.B, *supra*. The Court finds Defendant's contentions that he is no longer a risk to society and that his offense was non-violent due not outweigh the Court's assessment of the § 3553(a) factors. Compassionate Release Mot. 19–22. Moreover, the Court finds Defendant's arguments to be unfounded in light of his possession and use of firearms in connection with criminal activity throughout his life while not incarcerated.

**IV.   CONCLUSION**

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Retroactive Two-Level Reduction of Guideline, Pursuant to 18 U.S.C. § 3582(C)(2) (ECF No. 634) and Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 693) are DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida this 25th day of February, 2022.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record